IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs October 3, 2023

**STATE OF TENNESSEE v. DARUNN TURNER**

**Appeal from the Criminal Court for Shelby County**
**No. C1906849, 19-04890   James M. Lammey, Judge**

_____

**No. W2022-01389-CCA-R3-CD**
_____

**Robert H. Montgomery, Jr., J., concurring.**

I agree with the majority that the trial court properly imposed maximum, consecutive sentences. I write separately to explain why, in contrast to the analysis undertaken in the lead opinion, my analysis does not deprive the trial court of the presumption of reasonableness based upon the court's having considered the facts of the crimes and having observed that they demonstrated by a preponderance of the evidence that the Defendant's culpability exceeded that required for the verdicts returned by the jury. The majority characterizes the court's comments as a "strong reliance on [the court's] personal disagreement with the jury's verdict."

In my view, the court's observations of evidence which might have supported verdicts reflecting greater culpability than that found by the jury were made in the context of the following:

- Consideration of "[t]he nature and characteristics of the criminal conduct involved," as mandated by Tennessee Code Annotated section 40-35-210(b)(4),

- The applicability of the enhancement factor prescribed by Code section 40-35-114(10), "The defendant had no hesitation about committing a crime when the risk to human life was high," and

- The determination that the Defendant was a "dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high" whose sentences should be served consecutively, pursuant to Code section 40-35-115(b)(4).

Unlike the majority, I do not view the trial judge's actions in the present case to be equivalent to the situation in *State v. Stevie Gibson*, No. W2013-02015-CCA-R3-CD, 2014 WL 4100158 (Tenn. Crim. App. Aug. 19, 2014), *perm. app. denied* (Tenn. Dec. 18, 2014). I acknowledge that both cases involved the same, now-retired judge. Nevertheless, in *Stevie Gibson*, the judge expressed his personal disagreement with the law regarding lesser-included offenses of first degree felony murder, going so far as to call the relevant statute "a silly law" and expressing his preference that the commission of an underlying felony, the perpetration of which results in a death, should be felony murder without exception. *Stevie Gibson*, 2014 WL 4100158, at \*11. The judge went on to note that felony murder required a life sentence and determined that "the only appropriate sentence under these circumstances [in which the defendant had committed an underlying felony that resulted in the death of a victim but had nevertheless been acquitted of felony murder and convicted of the lesser-included offense of second degree murder]" was the maximum sentence of twenty-five years. *Id.*, at \*12.

In contrast, in the present case, the trial court did not express his disagreement with the law itself. Moreover, I do not view the court's comments as indicating an intent to impose a maximum sentence on the basis of the existence of evidence of offenses involving greater culpability than those reflected by the jury's verdict or mere personal preference. Rather, the court noted the "[t]he nature and characteristics of the criminal conduct involved," which it was statutorily bound to do, and it considered the facts of record when determining the propriety of the enhancement factors and any statutory factors permitting consecutive sentencing. *See* T.C.A. §§ 40-35-114(10), -114(b)(4), -210(b)(4). The court's comments about the facts of the case were made in the context of its consideration of relevant provisions of the Sentencing Act and reflected its adherence to that statutory framework.

For these reasons, I conclude that the trial court was entitled to the presumption of reasonableness which is conferred when a court has followed the statutory and decisional guidelines and has considered the relevant facts, arguments, and other prescribed considerations. *See State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012). That said, I concur in the majority's determination that the trial court did not abuse its discretion in imposing maximum, consecutive sentences.

_____
ROBERT H. MONTGOMERY, JR., JUDGE